Daniel, Judge.
 

 By an appearance, and taking a declaration and entering a plea, you waive all objections to the process. 2 Stra.,1072. The appearance by attorney is evidence of notice. 1 Hay. Rep. 405. The defendant Rogers, may not probably have signed the power of attorr ney, to Mr. Candler, or authorized him to appear; the power of attorney is not inserted in the case sent here.
 

 But as the record now stands, the appearance and plea stands joint for all the defendants, including Rogers; and we must take it, that the attorney had the power to appear for him. If Rogers gave no power to the attorney, and the defendants should hereafter move the Court to amend the record, by restricting the appearance and plea to those defendants who were actually arrested under the writ, the motion will be granted, we presume, on condition that the plaintiff have leave to enter a
 
 nolle prosequi,
 
 as to Rogers, as of the term the defendants put in- their plea. In actions
 
 ex delicto,
 
 the plaintiff may enter a
 
 nolle prosequi
 
 as tosomeof the defendants, and proceed against the others, at any time before final judgment. 2 Archb. Prac. B. R. 249,
 
 {and the authorities there cited.)
 
 Looking at the record as exhibited to us, we think the case was not discontinued in consequence of the process not having been run out as to Rogers. The judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed.